IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00725-KDB-DCK

KYREA' LYNETTE MCCLUNEY,

Plaintiff,

v.

STATE EMPLOYEES' CREDIT UNION,

Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 7). The Court has carefully considered this motion and the parties' briefs and exhibits. While it is only a technical violation of Federal Rule of Civil Procedure 4(c)(2) that did not prejudice Defendant, because Plaintiff served the Summons and Complaint on Defendant's officer herself, proper service was not effected and this Court lacks personal jurisdiction over Defendant. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). However, "under [Fed. R. Civ. P.] Rule 4(m), a district court possesses discretion to grant [a] plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022).

The Court will readily exercise its discretion to extend the time for service under Rule 4(m). In so doing, the Court is guided by the principle that cases should be resolved on their merits rather than on procedural technicalities, particularly where, as here, Plaintiff is acting *pro se* and

1

otherwise obtained service in good faith on Defendant's officer[1], Defendant has actual notice of the litigation and, notwithstanding the time and effort spent briefing this motion, Defendants will not be prejudiced on the merits by a brief extension. Accordingly, Plaintiff is directed to properly serve Defendant (or obtain a waiver of service under Rule 4(d))[2] within thirty (30) days of the date of this Order.

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss (Doc. No. 7) is **DENIED** without prejudice; and

2. Plaintiff is directed to effect service on Defendant (or obtain a waiver of service) and file the required proof of service with the Court within thirty (30) days.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 23, 2026

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge

---

[1] Contrary to Defendant's argument, a proper Summons in federal court need only "be directed to the defendant," and Plaintiff's Summons was addressed to Defendant. *See* Fed. R. Civ. Proc. 4(a)(1)(B). By the plain language of Rule 4, there is no requirement that it be addressed to a particular officer or agent of the Defendant. *Id*. Cases such as *Gittens v. Equifax*, No. 316CV00228FDWDSC, 2019 WL 5790655, at *1 (W.D.N.C. Nov. 5, 2019), aff'd, 801 F. App'x 190 (4th Cir. 2020), which refer to the different service requirements under North Carolina law, do not preclude service in accordance with Federal Rule of Civil Procedure 4(a) and 4(h) (allowing service by delivery to "an officer," as was done here).

[2] As stated in Rule 4(d), "An individual, corporation, or association that is subject to service…has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. Proc. 4(d).