# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00725-KDB-DCK

| | |
|---|---|
| KYREA' LYNETTE MCCLUNEY,<br><br>**Plaintiff,**<br><br>v.<br><br>STATE EMPLOYEES' CREDIT UNION,<br><br>**Defendant.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 17). This is an employment discrimination action under Title VII of the Civil Rights Act of 1964. Plaintiff, a Black female, contends that Defendant – apparently still her current employer – discriminated against her by threatening to terminate her employment because she was served a misdemeanor criminal summons (which she alleges was "completely unrelated" to her job and stemmed from a domestic abuse situation in which she was the victim). She asserts claims based on race, color, gender/sex, and retaliation.

However, as discussed below, all those claims require that she sufficiently allege an "adverse employment action" caused by the alleged discrimination. That is, the mere threat of discipline is insufficient to establish a Title VII violation, unless it actually leads to a change in the terms and conditions of the employee's employment, which Plaintiff does not allege here. Therefore, after careful consideration of the motion and the Parties' briefs and exhibits, the Court will **GRANT** the motion.

1

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.' " *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral

and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity."[1] *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-7 (4th Cir. 2015).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II.     DISCUSSION

Title VII prohibits an employer from discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012); 42 U.S.C.A. § 2000e–2(a). A plaintiff is "not required to plead a prima facie case of discrimination under Title VII to survive a motion to dismiss." *See Michaux v. Mann+Hummel Filtration Tech.*, No. 3:25-CV-00200-KDB-SCR, 2025 WL 2881169, at *4 (W.D.N.C. Oct. 9, 2025) (quoting *Felder v. MGM Nat'l Harbor, LLC*, No. 20-2373, 2022 WL 2871905, at *1 (4th Cir. July 21, 2022) (in turn quoting *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–85 (4th Cir. 2015))). "Instead, a plaintiff must allege sufficient facts to satisfy the elements of a cause of action created by [the applicable] statute." *Id.* (quoting *McCleary-Evans*, 780 F.3d at 585).

A Title VII plaintiff generally must allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from

3

similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc., Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (quoting *Coleman*, 626 F.3d at 190); *see Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 734–35 (D. Md. 2023).

At issue here is the third element, whether Plaintiff has sufficiently alleged an adverse employment action. An "adverse employment action" is one that "'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)); *see also Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354–55 (2024) (to make out a Title VII discrimination claim, a plaintiff must show some harm respecting an identifiable term or condition of employment); *Laird v. Fairfax Cty., Va.*, 978 F.3d 887, 893 (4th Cir. 2020) (for a discrimination claim, the plaintiff must show that her employer took an action that adversely affect[ed] employment or alter[ed] the conditions of the workplace). And the adverse action must have "occurred under circumstances that raise a reasonable inference of unlawful discrimination ...." *Sempowich v. Tactile Sys. Tech., Inc*., 19 F.4th 643, 650 (4th Cir. 2021). Further, "although conduct short of ultimate employment decisions can constitute adverse employment action, there still must be a tangible effect on the terms and conditions of employment." *Gaines*, 657 F. Supp. 3d at 739 (quoting *Geist v. Gill/Kardash P'ship*, 671 F.Supp.2d 729, 737 n. 6 (D. Md. 2009)).

Plaintiff's alleged "adverse employment action" is that she was threatened with termination. She does not allege that she was terminated, demoted, given new tasks or transferred to a different job. Nor does she allege facts that support any change in her compensation or

4

benefits.[1] However, the mere threat of discipline is not an adverse action unless it actually leads to alterations in the terms and conditions of employment. *See Gaines*, 657 F. Supp. 3d at 740; *Thorn v. Sebelius*, 766 F. Supp. 2d 585 at 603 (D. Md. 2011) (holding that retaliatory emails, a change in plaintiff's work schedule, unwarranted reprimands, and exclusion from a work project were not actionable adverse employment actions). Accordingly, Plaintiff's threatened termination – in the absence of any alleged change in the terms and conditions of employment – does not rise to the level of an adverse action in a discrimination claim. *Id*. (citing *Harris v. Esper*, JKB-18-3562, 2019 WL 5423768, at *6 (D. Md. Oct. 23, 2019)). Without a plausible allegation of a lawfully sufficient "adverse employment action," none of Plaintiff's claims can survive and Defendant's Motion to Dismiss must be granted.[2]

Finally, in her response, Plaintiff raised the prospect of seeking leave to amend her Complaint. Even putting aside the procedural impropriety of seeking leave to amend in a responsive brief without a proposed Amended Complaint, Plaintiff has not suggested that any amendment would include allegations sufficient to avoid dismissal on the grounds explained above. Therefore, any amendment would be futile and does not change the necessity of dismissal.

---

[1] With respect to the different issue of damages, Plaintiff states that she is seeking compensatory damages for lost wages, emotional distress and reputational harm, but that itemization of alleged harm does not reflect an "adverse employment action," i.e., something done by the employer to the employee.

[2] The Court does not reach any other issue presented by the Parties.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 17) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 10, 2026

Kenneth D. Bell
United States District Judge

6